**JOHN F. MCGRORY, JR., OSB #820315**
johnmcgrory@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2300
Portland, Oregon 97201
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Of Attorneys for Defendants


IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT EUGENE

| | |
|---|---|
| LINDLEY CONTOURS, LLC, AND NORMAN LINDLEY,<br><br>**PLAINTIFF,**<br><br>v.<br><br>AABB FITNESS HOLDINGS, INC., f/k/a CONTOURS EXPRESS, INC., CONTOURS EXPRESS, LLC, THOMAS D. CHRISTOPOUL, WILLIAM G. HELTON, JR., PAUL M. MCNICOL, ANDREW RUSSELL, MAYO S. STUNTZ, JR., DAREN CARTER, MICHAEL WIDENER, CLINTON C. COOPER, MARY SCHRAD, PILOT GROUP LLC, PILOT GROUP L.P., AND PGCE, INC.<br><br>**DEFENDANTS.** | Case No.<br><br>**NOTICE OF REMOVAL** |

For their Notice of Removal, defendants AABB Fitness Holdings, Inc., f/k/a

Contours Express, Inc., Contours Express, LLC, Thomas D. Christopoul, William G. Helton, Jr.,

Paul M. McNicol, Andrew Russell, Mayo S. Stuntz, Jr., Daren Carter, Michael Widener, Clinton

Page 1 - NOTICE OF REMOVAL

C. Cooper, Mary Schrad, Pilot Group LLC, Pilot Group L.P., and PGCE, Inc. (collectively "Defendants"), respectfully state to this Court:

## DIVERSITY OF CITIZENSHIP JURISDICTION

The above-captioned case was commenced against Defendants in the Circuit Court of the State of Oregon for Douglas County with the filing of Plaintiffs' Complaint on November 26, 2008.

Defendants removed this case within thirty (30) days after the initial filing, well within the statutorily prescribed thirty (30) days after a defendant is first served under 28 U.S.C. §1446.

The above-captioned case is a civil action in which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiffs are Oregon residents and Defendants are residents of other states. *See Davidson v. Arch Chemicals Specialty Products, Inc.*, 347 F.Supp. 2d 938, 941 (D. Or. 2004) (for removal to be valid on diversity of citizenship, 28 U.S.C. 1332(a) requires complete diversity of citizenship).

    a.    AABB Fitness Holdings, Inc. formerly known as Contours Express, Inc., is a Delaware corporation.

    b.    Contours Express, LLC is a Delaware limited liability company.

    c.    Thomas Christopoul is a New Jersey resident.

    d.    William G. Helton, Jr. is a Kentucky resident.

    e.    Paul M. McNicol is a New York resident.

    f.    Andrew Russell is a New York resident.

    g.    Mayo S. Stuntz, Jr. is a New York resident.

    h.    Daren Carter is a Kentucky resident.

    i.    Michael Widener is a Kentucky resident.

    j.    Clinton C. Cooper is a Kentucky resident.

    k.    Mary Schrad is an Ohio resident.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

DWT 12250625v1 0050033-004475

l.    Pilot Group LLC is a Delaware limited liability company.

m.    Pilot Group L.P. is a Delaware limited liability company.

o.    PGCE, Inc. is a Delaware corporation.

All defendants have mutually aligned interests and consent to the case's removal to federal court.

Plaintiffs plead damages in excess of $850,000, which exceed the requisite $75,000, exclusive of interest and costs under 28 U.S.C. § 1332. See Complaint's Prayer. (Plaintiff's Complaint is attached hereto as Exhibit 1.)

Defendants may remove this action to this Court pursuant to the provisions of 28 U.S.C. §1441, including its sub-parts, in that this action was brought in a state court, and this Court has original jurisdiction under 28 U.S.C. § 1332.

The time for removal under 28 U.S.C. § 1446 has not yet expired.

Promptly upon the filing of this Notice of Removal, Defendants shall give notice in writing thereof to Plaintiffs and shall file a copy of this Notice of Removal with the Clerk of the Circuit Court of Douglas County, Oregon.

WHEREFORE, Defendants pray that this case originally filed in the Circuit Court of Douglas County, Oregon, be removed to this Court for further proceedings, and that this Court take jurisdiction herein and make any further orders as may be just and proper.

DATED this 23rd day of December, 2008.

DAVIS WRIGHT TREMAINE LLP

By _____
John F. McGrory, Jr., OSB# 813115
Telephone: (503) 241-2300
Facsimile: (503) 778-5299
johnmcgrory@dwt.com

Of Attorneys for Defendants

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

DWT 12250625v1 0050033-004475

Of Counsel:

ARMSTRONG TEASDALE LLP
Edward R. Spalty, MO #26086
Darren K. Sharp, MO #50841
David A. Jermann, MO #51389
2345 Grand Boulevard, Suite 2000
Kansas City, Missouri 64108-2617
ESPALTY@ArmstrongTeasdale.com
DSHARP@ArmstrongTeasdale.com
DJermann@ArmstrongTeasdale.com
(816) 221-3420
(816) 221-0786 (facsimile)

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

DWT 12250625v1 0050033-004475

1

**PREPARED AND SUBMITTED BY:**
Randy C. Rubin, OSB #99102

2   Attorney at Law, P.C.
836 W. Military, Suite #206

3   Roseburg, OR  97471
Telephone: (541) 677-7102

4   Facsimile:  (541) 673-2180
Email: randy@randyrubin.com

5

6   Attorney for Plaintiffs

7

8

9

10   IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR DOUGLAS COUNTY

11   LINDLEY CONTOURS, LLC, and          Case No. 08CV-5933 CC
     NORMAN LINDLEY,

12
                          Plaintiffs,      **COMPLAINT - Violation of Oregon**
13                                         **Franchise Act, Fraud, Negligent**
          vs.                              **Misrepresentation,  Breach of Contract,**
14                                         **Unlawful Trade Practices**

15   AABB FITNESS HOLDINGS, INC., fka
     CONTOURS EXPRESS, INC., CONTOURS
16   EXPRESS, LLC, THOMAS D.              **(Not Subject To Mandatory Arbitration)**
     CHRISTOPOUL, WILLIAM G. HELTON,
17   JR., PAUL M. MCNICOL, ANDREW
     RUSSELL, MAYO S. STUNTZ, JR.,
18   DARREN CARTER, MICHAEL
     WIDENER, CLINTON C. COOPER,
19   MARY SCHRAD, PILOT GROUP LLC,
     PILOT GROUP L.P., and PGCE, INC.,
20
                          Defendants.
21

22         Plaintiffs allege:

23                   COMMON ALLEGATIONS

24                          1.

25         Lindley Contours, LLC is a limited liability company organized and duly

registered under the laws of the State of Oregon.

Page 1 - COMPLAINT

Exhibit 1
Page 1 of 13

FILED

08 NOV 26  PM 3: 58

DOUGLAS COUNTY
TRIAL COURTS

**2.**

Norman Lindley is an individual who resides in Douglas County, Oregon.

**3.**

AABB Fitness Holdings, Inc. is, upon information and belief, a franchisor or a control person of Contours Express, LLC, the franchisor, referred to below.

**4.**

Contours Express, LLC (the "Company") is a Delaware limited liability company with its principal place of business in Nicolasville, Kentucky and is not registered with the State of Oregon to conduct business in the State of Oregon.

**5.**

Contours Express, Inc. was the predecessor of Contours Express, LLC and offered Contours Express franchises from July, 1998, through May, 2005. Contours Express, LLC was formed in June, 2005, and acquired the assets of Contours Express, Inc. in order to franchise the Contours Express concept that had been developed by Contours Express, Inc. Neither Contours Express, Inc., or Contours Express, LLC are registered with the State of Oregon to conduct business in the State of Oregon.

**6.**

Thomas D. Christopoul was Vice Chairman of the Company from November, 2006, to a date unknown to Plaintiffs. From January, 2006, through November, 2006, Christopaul was Chief Executive Officer of Contours Express, LLC. Mr. Christopoul is or was, at all times material, a control person and officer of the Company as that term is defined in *Oregon Revised Statute 650.020*.

///

Page 2 - COMPLAINT

Exhibit 1
Page 2 of 13

**7.**

William G. Helton, Jr. was at all times material President of the Company and a member of the management committee of the Company. Mr. Helton made material misrepresentations referred herein below as President of the Company.

**8.**

Paul M. McNicol was at all times material Vice President and Secretary of the Company and a member of the management committee. McNicol is an officer of the Company.

**9.**

Andrew Russell was at all times material Vice President and Treasurer of the Company and a member of the management committee. Russell is an officer of the Company.

**10.**

Mayo S. Stuntz, Jr. was at all times material a member of the management committee of the Company.

**11.**

Darren Carter was at all times material a member of the management committee of the Company.

**12.**

Michael Widener was at all times material a business development representative of the Company since July, 1998, and a control person within the meaning of *ORS 650.020*.

**13.**

Clinton C. Cooper was at all times material a business development representative of the Company and made misrepresentations alleged in this Complaint below.

///

**Page 3 - COMPLAINT**

Exhibit 1
Page 3 of 13

**14.**

Mary Schrad was at all times material the franchise support and corporate training manager of the Company and made some of the misrepresentations alleged herein.

**15.**

PGCE, Inc. is, and was at all times material, upon information and belief, a corporation that is an investment vehicle for a group known as the "Pilot Group," and that is based in New York City. PGCE is a control person of the Company.

**16.**

The Pilot Group, L.P. is, and was at all times material, a limited partnership existing under the laws of Delaware with its principal place of business in New York, New York. Upon information and belief the Pilot Group, L.P., with the Pilot Group LLC, controls PGCE, Inc., which in turn controls the Company.

**17.**

The Pilot Group LLC is, and was at all times material, a limited liability company organized under Delaware law with its principal place of business in New York, New York. Together with the Pilot Group, L.P., the Pilot Group LLC controls PGCE, Inc., which controls the Company.

**18.**

In or about March of 2006, Plaintiff Norman Lindley became interested in franchise opportunities and through review of *Entrepreneur Magazine* discovered the Company. The Contours Express concept was attractive because it was the second largest franchise for women's fitness in the country after "Curves", and was growing rapidly and required a minimal investment.

**Page 4 - COMPLAINT**

Exhibit 1
Page 4 of 13

**19.**

On or about April 20, 2006, Contours Express, LLC offered a franchise to Plaintiff Norman Lindley in Douglas County, Oregon.

**20.**

Prior to entering into the franchise agreements with the Company, Lindley spoke with Clinton Cooper, a franchise salesperson for the Company, by telephone. Clinton Cooper made the following representations to Lindley:

- Contours Express had many existing franchised outlets that were very profitable and a few had 600 to 800 members.

- Most clubs had over 300 members.

- The clubs that failed had done so because they were not following the instructions that the franchisor provided.

- After the initial outlay for franchise fees, equipment and build-out, a franchised center would need only $15,000.00 in working capital to get to profitability.

- The Company had preferred vendors that would provide superior products and services to franchisees at favorable prices.

- For all of the franchises purchased only six percent have been resold or failed. Ninety-four percent of the franchises sold are owned by the original owners and are profitable.

**21.**

In reliance upon these representations Lindley agreed to purchase three Contours Express franchises. Lindley signed the first franchise agreement on April 25, 2006, for a franchise located in Roseburg, Oregon for the purchase price of $13,000.00. Lindley further purchased two franchise territories to be located in Eugene, Oregon, for $11,000.00 and $13,000.00, or $24,000.00. Lindley subsequently assigned the franchise agreements to Lindley Contours, LLC.

Page 5 - COMPLAINT

Exhibit 1
Page 5 of 13

**22.**

In June, 2006, Lindley, along with his wife Karen, attended training at the Company headquarters in Kentucky.  At that time, Mary Schrad and Bill Helton, President, repeated the representations in the training class that Clinton Cooper made previously, and made further representations that induced Lindley to continue to invest in his franchises and open them for business.  The additional representations made by Mary Schrad and Bill Helton included the following:

- Each center would break even as soon as it had 200 members.

- The centers would be profitable after their grand openings if franchisees followed instructions given in training.

- It would be possible to succeed by spending only $4,000.00 to $5,000.00 per year in advertising.

- The best way to gain membership was door-to-door solicitation with flyers.

- Franchisees were required to use ABC Financial for billing and collections of members.

- By using preferred vendors franchisees would get the best products and services at lower cost.

- The "pro shop," a portion of the center that sold products, would be very profitable.

**23.**

In reliance upon the representations that Cooper had made initially and that Helton and Schrad had made in training, Lindley invested further in leasing franchise locations, building the locations out, purchasing equipment, preparing for operating the franchises.

////

////

**Page 6 – COMPLAINT**

Exhibit 1
Page 6 of 13

**24.**

As part of the franchise agreements the franchisor contracted to perform the following obligations:

- The franchisor would make reasonable efforts to assist in analyzing and evaluating a proposed site for the franchise.

- The franchisor would consult with the franchisee in obtaining a suitable site, procuring licenses and permits, managing construction and refurbishing the premises.

- The franchisor would provide an initial training course.

- The franchisor would provide supervisory assistance and guidance for three days for each franchise when it opened.

- During the operation of the franchise, the franchisor would provide operating assistance; supervision; periodic visits for consultation; and guidance.

- The franchisor would provide additional training, including optional refresher programs.

**25.**

After investing nearly $180,000.00 to open the three franchises Lindley began operations and conducted the businesses according to the training provided by the Company and pursuant to the operations manuals provided to him.

**26.**

After operating for approximately five (5) months Lindley discovered that the representations that had been made to him were false. In particular:

- There were few clubs, if any, that were profitable or that ever had 600 to 800 members.

- Most clubs did not have over 300 members.

- Clubs that failed had followed the franchisor's instructions.

Page 7 - COMPLAINT

Exhibit 1
Page 7 of 13

- It was necessary to spend far more than $15,000.00 in working capital in order to achieve profitability.

- It was not possible to break even with 200 members or less.

- The franchisees would not be profitable shortly after their grand opening.

- It was not possible to succeed spending $4,000.00 to $5,000.00 per year on advertising.

- Door-to-door solicitation did not result in membership gains.

- The franchise agreement did not require franchisees to use ABC Financial yet the franchisor demanded ABC's use.

- The preferred vendors charged prices that were excessive.

- The "pro shop" was not profitable.

- The franchise required far more than $15,000.00 in working capital to achieve profitability.

- For all of the franchises purchased far more than six percent had been resold or failed. Far less than ninety-four percent of the franchises sold are owned by the original owners and are not profitable.

- The costs of operating and setting up a franchise were substantially understated.

### 27.

Additionally, the Company failed to perform its contractual obligations in one or more of the following respects:

- The Company failed to assist in analyzing and evaluating sites for the franchises.

- The Company failed to consult with franchisees to obtain a suitable site and assist in processing licenses.

- During operation of the franchise, the Company failed to provide operating assistance and supervision or periodic visits for consultation and guidance.

Page 8 - COMPLAINT

Exhibit 1
Page 8 of 13

**28.**

As a result of the misrepresentations of Defendants and the failures of Defendants to fulfill their contractual obligations, Plaintiffs' franchises failed, and Plaintiffs' sustained damages in the amount of not less than $850,000.00.

## FIRST CLAIM FOR RELIEF
### (Violation of the Oregon Franchise Act)

**29.**

Plaintiffs re-allege paragraphs 1 through 28.

**30.**

The contract between Plaintiffs and the Company was a franchise agreement.

**31.**

Defendants employed a scheme to defraud, made untrue statements of material fact, omitted material facts in statements, and employed devices to mislead Plaintiffs.

**32.**

As a result of Defendants' violation of the Oregon Franchise Act, Plaintiffs have been damaged in an amount to be determined at trial, but in no event less than $850,000.00.

**33.**

Plaintiffs are entitled to their reasonable attorneys fees incurred as provided by *ORS 650.020(3)*.

## SECOND CLAIM FOR RELIEF
### (Common Law Fraud)

**34.**

Plaintiffs re-allege paragraphs 1 through 28.

////

**Page 9 - COMPLAINT**

Exhibit 1
Page 9 of 13

**35.**

Defendants knowingly made material false misrepresentations of fact and material omissions to Plaintiffs, as set forth above, with the intent that Plaintiffs rely upon said material representations to their detriment. Plaintiffs reasonably relied upon Defendants' material false statements in purchasing the franchises and while investing money to operate the franchises all under Plaintiffs' ignorance as to the falsity of the statements. Plaintiffs had a right to rely upon the truth of the representations made by Defendants. Defendants' representations damaged Plaintiff.

**36.**

Plaintiff were damaged in an amount of not less that $850,000.00.

**THIRD CLAIM FOR RELIEF**
**(Negligent Misrepresentation)**

**37.**

Plaintiffs re-allege paragraphs 1 through 28, 35 and 36.

**38.**

Plaintiffs and Defendants had a special relationship as Plaintiffs were purchasing franchises from Defendants. The franchises were to be operated under the rules and guidelines of Defendants. Plaintiffs relied upon Defendants for instructions, guidance, and knowledge to operate the purchased franchises.

**39.**

It was reasonably foreseeable that should Plaintiffs rely upon Defendants' false representations that Plaintiffs would incur economic losses.

**40.**

Defendant Contours Express, LLC, Helton, Schrad and Cooper, while acting in

Page 10 – COMPLAINT

Exhibit 1
Page 10 of 13

1  their course of employment, business, and profession provided false information for the guidance

2  of Plaintiffs in Plaintiffs' purchase of Defendants' franchises.  Plaintiffs were damaged from

3  Plaintiffs' justifiable reliance upon Defendants failure to exercise reasonable care in providing

4  the false information.

### FOURTH CLAIM FOR RELIEF
### (Breach of Contract)

41.

Plaintiffs re-allege paragraphs 1 through 28 and 36.

42.

Defendant Contours Express, LLC, materially breached the terms of the franchise

contract with Plaintiffs as set forth above damaging Plaintiffs.

43.

Plaintiffs performed all conditions precedent and/or Defendants waived said

conditions.

44.

Plaintiffs are entitled to their reasonable attorneys fees incurred as provided by the

franchise agreement, paragraph 17.9.

### FIFTH CLAIM FOR RELIEF
### (Unlawful Trade Practices)

45.

Plaintiffs re-allege paragraphs 1 through 28 and 36.

46.

Defendants sold franchises to Plaintiffs by employing unconscionable tactics and

knowingly taking advantage of Plaintiffs' ignorance of the circumstances.

Page 11 - COMPLAINT

Exhibit 1
Page 11 of 13

**47.**

Defendants further permitted Plaintiffs to enter into the franchise agreements by failing to disclose facts knowing that Plaintiffs would derive no material benefit from said transaction.

**48.**

Defendants committed unfair trade practices against Plaintiffs.

**49.**

Plaintiffs are entitled to their attorneys fees as provided by *ORS 646.638(3)*.

**WHEREFORE**, Plaintiffs pray for judgment as follows:

1.    On Plaintiffs' First Claim for Relief, judgment in the amount of not less than $850,000.00, and Plaintiffs' reasonable attorney fees;

2.    On Plaintiffs' Second Claim for Relief, judgment in the amount of not less than $850,000.00;

3.    On Plaintiffs' Third Claim for Relief, judgment in the amount of not less than $850,000.00;

4.    On Plaintiffs' Fourth Claim for Relief, judgment in the amount of not less than $850,000.00, and Plaintiffs' reasonable attorney fees;

5.    On Plaintiffs' Fifth Claim for Relief, judgment in the amount of not less than $850,000.00, and Plaintiffs' reasonable attorney fees;

6.    Any other relief the court deems just; and,

////

////

////

**Page 12 - COMPLAINT**

Exhibit 1
Page 12 of 13

1    7.    Plaintiffs' cost and disbursements.

2    DATED this __26__ day of November, 2008.

3

4                                    RANDY C. RUBIN
                                     ATTORNEY AT LAW, P.C.
5

6    By _____
                  Randy C. Rubin, OSB #99102
7                 Attorney for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25


**Page 13 - COMPLAINT**

Exhibit 1
Page 13 of 13

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a copy of the foregoing **NOTICE OF REMOVAL** on:

> Randy C. Rubin, Esq.
> 836 W. Military, Suite No. 206
> Roseburg, Oregon 97471
> Telephone 541-677-7102
> Facsimile 541-673-2180
> Email randy@randyrubin.com

> Of Attorneys for Plaintiff

☒ by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to said attorney's last-known address and deposited in the U.S. mail at Portland, Oregon on the date set forth below;

☐ by causing a copy thereof to be hand-delivered to said attorney's address as shown above on the date set forth below;

☐ by sending a copy thereof via overnight courier in a sealed, prepaid envelope, addressed to said attorney's last-known address on the date set forth below;

☐ by faxing a copy thereof to said attorney at his/her last-known facsimile number on the date set forth below; or

☒ by emailing a copy thereof to said attorney at his/her last-known email address as set forth above.

Dated this <u>23rd</u> day of December, 2008.

DAVIS WRIGHT TREMAINE LLP

By _____
    John F. McGrory, Jr., OSB #813115
    Of Attorneys for Defendants

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

DWT 12250625v1 0050033-004475