FILED '09 APR 20 16:01 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LINDLEY CONTOURS,LLC, AND     )
NORMAN LINDLEY,               )
                  Plaintiffs  )     Civil No. 08-6408-TC
                              )
         v.                   )     FINDINGS AND
                              )     RECOMMENDATION
ABBA FITNESS HOLDINGS, INC.,  )
f/k/a CONTOURS EXPRESS, INC., )
et al.,                       )
                              )
                  Defendants  )
_____      )

COFFIN, Magistrate Judge:

Presently before the court is defendants' motion (#6) to dismiss for arbitration, or, in the alternative, to dismiss certain defendants for lack of jurisdiction.  For the reasons set forth below, this action should be dismissed.


Factual Background

This case arises from a dispute between a franchisee and franchisor.  Their business relationship is governed by terms of their franchise agreements which state that disputes shall be determined by binding arbitration.  Plaintiff Lindley Contours, LLC, does not dispute the existence or general applicability of the arbitration clause, but contends that it was waived.

## Legal Background

Waiver of the right to arbitrate is not favored under the law. <u>Fisher v. A.G. Becker Paribas, Inc.</u>, 791 F.2d 691, 694 (9th Cir. 1986).  An examination of whether the right to seek arbitration has been waived must be conducted in light of the "strong federal policy favoring enforcement  of arbitration agreements."    <u>Id.</u>  A party arguing that an arbitration agreement was waived bears a "heavy burden."<u>Id.</u>

In order to prove that a party waived its right to compel arbitration, the party opposing the arbitration must demonstrate:

> (1) knowledge of an existing right to compel arbitration;
>
> (2) acts inconsistent with that existing right; and
>
> (3) prejudice to the party opposing arbitration resulting from such inconsistent acts.

<u>Id.</u>


## Discussion

As discussed in more detail below, plaintiff did not meet its burden of demonstrating that the arbitration agreement has been waived. The first prong of the waiver test is met.  However, it is less than clear if the second required prong of the waiver test is met.  And it is clear the third  required prong of prejudice is not met.  Demonstrating prejudice to the party arguing in favor of waiver is "no easy task." <u>Hoffman v. Swift Transp. Co., Inc.</u>, Civ.No. 07-321-AS, 2007 WL 4268769 at *2 (D. Or. Nov. 30, 2007).

2 - FINDINGS AND RECOMMENDATION

Plaintiff argues that certain defendants took actions in a prior related action in a state court in Missouri that were inconsistent with their right to arbitrate, see Opposition (#23) at p. 2. Plaintiff also argues that it was prejudiced by such acts.

Defendants cite several persuasive cases where it was held that engaging in litigation prior to asserting arbitration rights did not amount to a waiver of the right to arbitrate. See p.p. 7-12 of Reply(#26). For example, in <u>Britton v. Co-op Banking Group</u>, 916 F.2d 1405, 1413 (9th Cir. 1990) the court did not find prejudice despite two previous years of discovery and motion practice. In <u>Allied v. Systems Co. v. Marinetter Marine Corp.</u>, Civ. No. 99-368-ST, 1999 WL 632708 (D. Or. Aug. 20, 1999), the court rejected arguments of waiver despite a full range of litigation activities spanning over 13 months in a prior action. Defendant in the prior action had not asserted the right to arbitration, but instead filed a motion to dismiss, filed discovery requests and took depositions, and filed an answer and counterclaim. The <u>Allied</u> Court rejected an argument that there was prejudice based on the time and resources spent on discovery in the previous case and cited <u>Britton</u>. The <u>Allied</u> Court noted that defendant had done nothing in its second case except file the motion for arbitration. Such situation is generally similar to the case presently before this court - - including the fact that defendants here have only removed this action and filed the present motion regarding arbitration and personal jurisdiction.

It is also noteworthy that the prior claims asserted by Lindley Contours in Missouri did not include claims asserted in this action. Claims asserted in this action, but not in the prior Missouri action,

include claims for violations of the Oregon Franchise Act, common law fraud, negligent misrepresentation, and violations of Oregon's Unlawful Trade Practices Act. Moreover, there are several new defendants in the present action who were not named in the prior Missouri action. Plaintiff conceded at oral argument that these new defendants' personal assets are at risk in the present action. The new defendants did not do anything in the Missouri action, and, as such, they obviously have not acted inconsistently with their arbitration rights in Missouri. Nor have they acted inconsistently with their arbitration rights in the present action. And there can be no prejudice to plaintiff resulting from their lack of inconsistent action in either lawsuit.[1]

Plaintiff did not meet its burden of demonstrating that the arbitration agreement has been waived.

All of plaintiff's other arguments have been considered and found unpersuasive.

---

[1]Plaintiff cites Hoffman Construction Co. of Oregon v. Active Erectors, 969 F.2d 796 (9th Cir. 1992) and summarizes that case as one in which the "party who litigated in state court waived right to compel arbitration in subsequent action raising a new legal claim based on the same facts in federal court," Opposition(#23) at p. 14. However, Hoffman Constructive Co. is legally and factually distinguishable from the case before this court: Unlike the situation in the present case, the previous related state court case discussed in Hoffman was taken all the way through a lengthy trial, and, moreover, the Hoffman court based its decision on res judicata. It should also be noted that the case presently before this court has several new defendants and several new claims not in the prior case in Missouri.

4 - FINDINGS AND RECOMMENDATION

<u>Conclusion</u>

Defendants' motion (#6) to dismiss should be allowed and this action should be dismissed.


DATED this _____ day of April, 2009.


THOMAS M. COFFIN
United States Magistrate Judge


5 - FINDINGS AND RECOMMENDATION